UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re DMCA Subpoena to StarMaker
Interactive Inc.

Case No. 18-mc-80075-JCS

[~~PROPOSED~~] PROTECTIVE ORDER FOR
SECTION 512(h) SUBPOENA TO
STARMAKER INTERACTIVE INC.

1.     <u>PURPOSES AND LIMITATIONS</u>

      Starmaker Interactive, Inc. ("StarMaker") intends to produce information responsive to the subpoena in the above-captioned matter (the "action") that may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than those contemplated under Title 17 of the United States Code may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.     <u>DEFINITIONS</u>

2.1     <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

      2.2     <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of

1   Civil Procedure 26(c).

2        2.3     Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well

3   as their support staff).

4        2.4     Designating Party:  a Party or Non-Party that designates information or items that it

5   produces in disclosures as "CONFIDENTIAL."

6        2.5     Disclosure Material:  all items or information, regardless of the medium or manner in

7   which it is generated, stored, or maintained (including, among other things, testimony, transcripts,

8   and tangible things), that are produced or generated in disclosures pursuant to the subpoena in this

9   matter.

10       2.6     Expert:  a person with specialized knowledge or experience in a matter pertinent to

11  the action who has been retained by a Party or its counsel to serve as an expert witness or as a

12  consultant in this action.

13       2.7     House Counsel:  attorneys who are employees of a party to this action. House

14  Counsel does not include Outside Counsel of Record or any other outside counsel.

15       2.8     Non-Party:  any natural person, partnership, corporation, association, or other legal

16  entity not named as a Party to this action.

17       2.9     Outside Counsel of Record:  attorneys who are not employees of a party to this action

18  but are retained to represent or advise a party to this action and have appeared in this action on

19  behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

20       2.10    Party:  any party to this action, including all of its officers, directors, employees,

21  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

22       2.11    Producing Party:  a Party or Non-Party that produces Disclosure Material in this

23  action.

24       2.12    Professional Vendors:  persons or entities that provide support services (e.g.,

25  photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing,

26  storing, or retrieving data in any form or medium) and their employees and subcontractors.

27       2.13    Protected Material:  any Disclosure Material that is designated as

28  "CONFIDENTIAL."

[PROPOSED] PROTECTIVE ORDER          2
3:18-MC-80075-JCS

2.14    <u>Receiving Party</u>:  a Party that receives Disclosure Material from a Producing Party.

2.15    <u>The Subpoena</u>: the subpoena to StarMaker filed in this action on May 2, 2018 (Dkt. 4).

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this matter, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.    <u>DESIGNATING PROTECTED MATERIAL</u>

5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the

Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within seven days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the parties shall submit the dispute to the Magistrate Judge assigned to this matter in accordance with that Magistrate Judge's Standing Order pertaining to discovery disputes, except that the parties shall not be required to meet and confer in person if they have made reasonable efforts to meet and confer by other means.  The burden shall be on the Designating Party to prepare its portion of any submission to the Magistrate Judge and provide it to the Challenging Party within ten days of the parties agreeing that the meet and confer process will not resolve their dispute.  Failure by the Designating Party to prepare this submission within ten days shall automatically waive the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to act in accordance with the procedures described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party for the purposes contemplated under Title 17 of the United States Code. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

[~~PROPOSED~~] PROTECTIVE ORDER
3:18-MC-80075-JCS

6

1  information or item designated "CONFIDENTIAL" only to:

2       (a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

3  of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for

4  this action and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached

5  hereto as Exhibit A;

6       (b)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is

7  reasonably necessary for this action and who have signed the "Acknowledgment and Agreement to

8  Be Bound" (Exhibit A);

9       (c)  the court and its personnel; and

10       (d)  up to ten (10) officers, directors, or employees (including House Counsel) of

11  Smule, Inc. to whom disclosure is reasonably necessary for the purposes contemplated under title

12  17 of the United States Code and who have signed the "Acknowledgment and Agreement to Be

13  Bound" (Exhibit A).

14  8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER</u>

15            <u>LITIGATION</u>

16       If a Party is served with a subpoena or a court order issued in other litigation that compels

17  disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party

18  must:

19       (a)  promptly notify in writing the Designating Party. Such notification shall include a copy

20  of the subpoena or court order;

21       (b)  promptly notify in writing the party who caused the subpoena or order to issue in the

22  other litigation that some or all of the material covered by the subpoena or order is subject to this

23  Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

24       (c)  cooperate with respect to all reasonable procedures sought to be pursued by the

25  Designating Party whose Protected Material may be affected.

26       If the Designating Party timely seeks a protective order, the Party served with the subpoena

27  or court order shall not produce any information designated in this action as "CONFIDENTIAL"

28  before a determination by the court from which the subpoena or order issued, unless the Party has

1    obtained the Designating Party's permission. The Designating Party shall bear the burden and

2    expense of seeking protection in that court of its confidential material – and nothing in these

3    provisions should be construed as authorizing or encouraging a Receiving Party in this action to

4    disobey a lawful directive from another court.

5    9.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

6         If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7    Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

8    the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

9    disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

10   inform the person or persons to whom unauthorized disclosures were made of all the terms of this

11   Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

12   Be Bound" that is attached hereto as Exhibit A.

13   10.   <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED</u>

14        <u>MATERIAL</u>

15        When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

16   material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

17   are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

18   11.   <u>MISCELLANEOUS</u>

19        11.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

20   its modification by the court in the future.

21        11.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

22   no Party waives any right it otherwise would have to object to disclosing or producing any

23   information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no

24   Party waives any right to object on any ground to use in evidence of any of the material covered by

25   this Protective Order.

26        11.3    Filing Protected Material. Without written permission from the Designating Party or a

27   court order secured after appropriate notice to all interested persons, a Party may not file in the

28   public record in this action any Protected Material. A Party that seeks to file under seal any Protected

Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

12.    FINAL DISPOSITION

Within 60 days after the parties agree in writing or a court orders final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: July 20, 2018          /s/ I. Neel Chatterjee_____
                              Attorneys for Ariyanti Danuritiyas

1

2    DATED: July 20, 2018                    /s/ Jack Shaw

3                                            Attorneys for StarMaker Interactive Inc.

4

5    PURSUANT TO STIPULATION, IT IS SO ORDERED.

6

7    DATED: _July 24, 2018_    _____

8                                            United [States Magistrate Jud]ge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[~~PROPOSED~~] PROTECTIVE ORDER          10
3:18-MC-80075-JCS

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of In re DMCA Subpoena to StarMaker Interactive Inc., No. 3:18-MC-80075-JCS.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____